IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON C. FERGUSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN RIDDINGS, TOM SCHMIDT, END GREY, SELLERS, JERRY ENDICOTT, NATE TAUL, MILLER, C/O PATTERSON, and CRAIG REICHEARDT, <br><br> Defendants. | Case No. 24-cv-1752-NJR |

# MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff Leon C. Ferguson, Jr., an inmate of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while a pre-trial detainee at the Madison County Jail. Ferguson's Amended Complaint (Doc. 4) was dismissed without prejudice for failure to state a claim, but he was granted leave to file a Second Amended Complaint (Doc. 17). Ferguson filed two amended pleadings (Docs. 18, 19). Before the Court conducted a review of either of those pleadings, Ferguson filed his Fourth Amended Complaint (Doc. 20) alleging interference with his legal mail.

This case is now before the Court for preliminary review of the Fourth Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

1

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Fourth Amended Complaint

Ferguson alleges that on June 28, 2023, Tom Schmidt knowingly and intentionally took all the tablets from the detainees in Ferguson's cell block (Doc. 20, p. 9). The tablets were confiscated for three days, depriving detainees of their access to mail, schooling, worship, and law library access. Ferguson alleges that numerous services are only available digitally and he was thus deprived of those services when his tablet was confiscated (*Id.*). During the three days, Ferguson could neither send nor receive mail. He alleges that Stephen Riddings informed the detainees that their tablets are privileged (*Id.*).

On January 18, 2024, Sellers brought Ferguson legal mail, but the mail had already been opened and read outside of Ferguson's presence (*Id.* at p. 10). On January 28, 2024, Ferguson handed End Grey a legal document to be sent out. Ferguson does not indicate the nature of this document and where it was supposed to be sent. He alleges that Grey held the document until the next day (*Id.* at p. 9). On January 29, 2024, Correctional Officer Patterson logged the document as mailed. Ferguson believes the document should have been mailed the same night that it was received.

On March 15, 2024, Ferguson gave legal documents to Nate Taul to mail to Gregory Kulis, but the documents never reached their destination (*Id.* at p. 10). Ferguson contends that Taul improperly marked the mail as incoming mail and failed to send the documents to the proper location (*Id.*). On April 1, 2024, Ferguson handed Miller legal

2

documents for the Circuit Clerk's Office in Benton, Illinois (*Id*. at p. 11). Ferguson later called the Circuit Clerk's Office, but they informed him that they never received the documents (*Id*.). Ferguson alleges that Miller intentionally withheld his legal documents and failed to mail the documents (*Id*.). On April 18, 2024, Ferguson gave legal documents to Craig Reicheardt (*Id*.). Ferguson alleges that he was leaving the Madison County Jail with his legal documents and handed them to Reicheardt. Reicheardt, Patterson, and Nate Taul opened his legal documents, which were sealed and marked as "legal mail," and took six grievances and a confirmation sheet he received from the sergeant (*Id*. at pp. 11-12). Those documents are now missing.

Ferguson alleges that Defendants' actions caused him pain, suffering, severe weight loss, anxiety, and headaches. Their actions made him depressed, scared, nervous, and caused him to contemplate self-harm (*Id*. at pp. 13-15). He also alleges that his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated (*Id*. at p. 4). Ferguson further alleges that he faced retaliation, discrimination, cruel and unusual punishment, deliberate indifference, and excessive force.

## **Preliminary Dismissals**

As an initial matter, the Court finds that Ferguson fails to state a claim under the Fourth, Fifth, or Eighth Amendment. Ferguson merely states that his Fourth, Fifth, and Eighth Amendment rights were violated without providing any factual allegations to support those violations (Doc. 20, p. 4). His pleading fails to identify any conduct that Ferguson believes violated his Fourth, Fifth, and Eighth Amendment rights.

Ferguson also states in conclusory fashion that he was subjected to retaliation,

3

discrimination, excessive force, and deliberate indifference, and that Defendants denied him equal protection and failed to protect him. But his statements are conclusory and not supported by any facts in the pleading. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action"). Accordingly, these claims are **DISMISSED**.

Further, Ferguson identifies Jerry Endicott as a defendant but there are no allegations alleged against Endicott in the body of the Fourth Amended Complaint. Although Ferguson does mention Stephen Riddings in his statement of the claim, he merely notes that Riddings said that detainees' tablets were privileged (Doc. 20, p. 9). But Ferguson fails to allege that Riddings violated his rights or participated in the confiscation of the tablets. Thus, all claims against Jerry Endicott and Stephen Riddings are **DISMISSED**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **First Amendment claim against Tom Schmidt for confiscating Ferguson's tablet for three days in June 2023 preventing him from sending and receiving mail.**
>
> **Count 2:** **First/Fourteenth Amendment claim against Sellers for opening Ferguson's legal mail outside of his presence on January 18, 2024.**
>
> **Count 3:** **First/Fourteenth Amendment claim against Grey and Patterson for delaying Ferguson's legal mail by one day on January 28, 2024.**

4

| | | |
|---|---|---|
| **Count 4:** | First/Fourteenth Amendment claim against Taul for withholding and not mailing Ferguson's legal documents on March 15, 2024. | |
| **Count 5:** | First/Fourteenth Amendment claim against Miller for withholding and not mailing Ferguson's legal documents on April 1, 2024. | |
| **Count 6:** | First/Fourteenth Amendment claim against Reicheardt, Taul, and Patterson for opening an envelope within Ferguson's property marked "legal mail" and confiscating its contents on April 18, 2024. | |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Fourth Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Counts 1, 2, 3, 4, and 5

Detainees have a right to both send and receive mail in communication with private individuals outside prison. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). A First Amendment claim for mail interference requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman*, 226 F.3d at 572. "[S]poradic and short-term" instances of mail mishandling or delays are not actionable under the First Amendment. *Id.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

5

Detainees are also entitled to meaningful access to the courts under the First and Fourteenth Amendments. *See Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). Thus, "legal mail" is entitled to greater protection "because of the potential for interfering with a prisoner's access to the courts." *Jenkins v. Huntley*, 235 F. App'x 374, 376 (7th Cir. 2007) (citing *Kaufman v. McCaughtry*, 419 F.3d 678, 685-6 (7th Cir. 2005)). The term "legal mail" typically refers only to mail to or from the inmate's legal counsel that is clearly identified on the envelope. *Kaufman*, 419 F.3d at 686. Documents sent to and from a court to a person in custody are a matter of public record and therefore not confidential. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

Ferguson fails to state a First Amendment claim against Schmidt, Riddings, Sellers, Grey, Patterson, Taul, and Miller. Being denied access to his mail for three days in June 2023, a letter being mailed a day late in January 2024, and two letters not making their destinations, once in March and then in April 2024, are sporadic, non-content based interruptions to Ferguson's mail that do not trigger a constitutional claim. *Rowe*, 196 F.3d at 782 ("an isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading material will not support…a cause of action grounded upon the First Amendment").

To the extent that Ferguson alleges that any of the documents were "legal mail," he also fails to state a claim that he was denied access to the courts. Although Ferguson describes several letters as "legal mail," he does not provide sufficient information for the Court to reasonably infer that the person with whom Ferguson was attempting to correspond with was his attorney, that the information contained in the letters was

indeed privileged, or that interference with his mail hindered him from filing or litigating a lawsuit. *See Kaufman,* 419 F.3d at 685-86. Furthermore, the allegation that on one occasion Sellers opened Ferguson's legal mail outside of his presence does not state claim under the First Amendment. *See Rowe,* 196 F.3d at 782. Accordingly, Ferguson's First Amendment claims against Sellers, Grey, Patterson, Taul, and Miller are dismissed.

### Count 6

To plead an access to the courts claim under the First and/or Fourteenth Amendment, a plaintiff must establish that the defendant's conduct impeded his ability to pursue legal claims and that he suffered "actual injury as a result." *See Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Snyder v. Nolen,* 380 F.3d 279, 291 (2004). "[T]he mere denial of access to…legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006).

Ferguson claims that certain legal documents enclosed in an envelope marked "legal mail" were confiscated by Defendants. He does not, however, identify a nonfrivolous claim that was prejudiced by his lack of access to his grievances. Thus, Ferguson fails to state a claim for denial of access to courts.

Ferguson also cannot bring a Fourteenth Amendment claim for his missing property. The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *See Stevens v. Norwood*, No. 20-cv-00710-JPG, 2020 WL 6321487, at *1 (S.D. Ill. Oct. 28, 2020) (citing

*Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)). Thus, Ferguson does not have a Fourteenth Amendment claim for the deprivation of his property.

For these reasons, Ferguson again fails to state a claim. This is Ferguson's second attempt to state a viable claim, and he has been unable to do so. The Court finds that further amendment would be futile. The Fourth Amended Complaint is, thus, **DISMISSED with prejudice**. Ferguson's motion for counsel (Doc. 21) is **DENIED as moot**.

## Disposition

For the reasons stated above, Ferguson's Fourth Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Ferguson's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Ferguson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Ferguson wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Ferguson does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the

appeal is found to be nonmeritorious, Ferguson may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  December 4, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**